UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERTO MORA,<br>        Plaintiff,<br>   v.<br>COMCAST CORPORATION,<br>        Defendant. | Case No. 17-cv-00960-CW (MEJ)<br><br>**DISCOVERY ORDER**<br>Re: Dkt. Nos. 30, 31 |

## INTRODUCTION

The parties filed two discovery letters regarding disputes about Defendant Comcast Corporation's responses to Plaintiff Alberto Mora's Requests for Production of Documents and Requests for Admissions. RFP Letter, Dkt. No. 30; RFA Letter, Dkt. No. 31. Having considered the parties' positions, the relevant legal authority, and the record in this case, the Court issues the following order.

## BACKGROUND

As is relevant here, Plaintiff is a 59-year-old of Hispanic/Salvadorian national origin. Notice of Removal, Ex. A (Compl.) ¶¶ 1, 7, Dkt. No. 1. He worked for Comcast or its predecessors for nearly 27 years as a customer service representative and a service technician. *Id.* ¶ 6. Plaintiff alleges Comcast began to discriminate against him around February 2016. *Id.* ¶ 8. He contends that Defendant subjected Plaintiff to different terms and conditions of employment. *Id.* In addition, Plaintiff alleges his supervisor falsely claimed Plaintiff failed his ladder certification test, but passed other employees outside of Plaintiff's protected group; this prevented Plaintiff from performing his duties as a service technician. *Id.* As a result, Plaintiff was labeled "not certified" and was moved to conduct office duties for a week. *Id.* ¶ 9.

Plaintiff was an active member of the Communication Workers of America, AFL-CIO Bay Area ("CWA"), since 1999. *Id.* ¶ 13. Comcast took steps to remove unionized employees and filed a motion with the National Labor Relations Board to decertify the CWA. *Id.* ¶ 14. CWA was decertified on August 1, 2016.

Plaintiff was terminated on May 4, 2016. *Id.* ¶ 9. He alleges his termination was the result of his lack of certification, as well as his union membership, association, and activity. *Id.* ¶¶ 10, 14.

On January 10, 2017, Plaintiff initiated this lawsuit in San Mateo Superior Court. *See* Compl. Comcast removed the action on February 24, 2018. *See* Notice of Removal. Plaintiff asserts four claims under California's Fair Housing and Employment Act ("FEHA"), Cal. Gov't Code § 12940, for (1) age discrimination, (2) national origin discrimination, (3) race discrimination, and (4) failure to prevent discrimination. He also asserts two claims of wrongful termination in violation of public policy.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 26 provides that a party may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Factors to consider include "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.* Discovery need not be admissible in evidence to be discoverable. *Id.* However, "[t]he parties and the court have a collective responsibility to consider the proportionality of all discovery and consider it in resolving discovery disputes." Fed. R. Civ. P. 26 advisory committee notes (2015 amendments). Thus, there is "a shared responsibility on all the parties to consider the factors bearing on proportionality before propounding discovery requests, issuing responses and objections, or raising discovery disputes before the courts." *Salazar v. McDonald's Corp.*, 2016 WL 736213, at *2 (N.D. Cal. Feb. 25, 2016); *Goes Int'l, AB v. Dodur Ltd.*, 2016 WL 427369, at *4 (N.D. Cal. Feb. 4, 2016) (citing advisory committee notes for proposition that parties share a

"collective responsibility" to consider proportionality and requiring that "[b]oth parties . . . tailor their efforts to the needs of th[e] case").

## DISCUSSION

**A. RFP Letter**

    1.    <u>RFP Nos. 6, 7, 19, and 20</u>

Plaintiff requests documents relating to

- "[C]omplaints, charges, or litigation" filed against Comcast in California for "race, age, or national origin discrimination" from January 1, 2012 to the present (RFP No. 6);
- "[L]adder handling practical examinations conducted for all technicians in the West Bay Region from January 1, 2012," including documents that identify the examiners, documents showing the standards for passing, and examiners' notes (RFP No. 7);
- "All documents relating to the age of technicians hired by Com[c]ast in the San Francisco West Bay region from January 1, 2014 to the present" (RFP No. 19); and
- All documents with CWA concerning issues of age, race, or national origin discrimination or compliance with FEHA from January 1, 2012 to the present (RFP No. 20).

While Comcast's treatment of other employees may be relevant, the Court finds these RFPs are overbroad. Comcast shall produce documents in the aforementioned categories to the extent they concern employees in the West Bay Region who are similar in age, race, or national origin to Plaintiff. *See Earl v. Nielsen Media Research, Inc.*, 658 F.3d 1108, 1113 (9th Cir. 2011) ("A plaintiff may raise a triable issue of pretext through comparative evidence that the employer treated younger but otherwise similarly situated employees more favorably than the plaintiff."). Comcast may redact third parties' personal information prior to production.

    2.    <u>RFP Nos. 18 and 21</u>

RFP Nos. 18 and 21 seek all documents related to Comcast's filings with the NLRB regarding CWA's decertification and Comcast's communications to CWA regarding its

decertification motion.

In light of Plaintiff's assertion that Comcast retaliated against Plaintiff for his union activities, the Court agrees that some of the NLRB filings may be relevant.[1] But Plaintiff's requests for all documents related to Comcast's NLRB action are overbroad, and Plaintiff fails to explain how such discovery is proportional to the needs of his case. In his RFP Letter, Plaintiff does not provide any basis for the Court to narrow these requests. Accordingly, the Court finds Comcast need not respond to RFP Nos. 18 and 21.

### 3. RFP Nos. 24 and 29

RFP No. 24 seeks "[a]ll documents regarding all disciplinary records, employee development records, and performance notices for all technicians in the San Francisco West Bay region for all alleged violations of Comcast's requirements for safety under the employee handbook in force from January 1, 2012 to the present." RFP No. 29 seeks documents "concerning all discipline records for all 'Serious Offenses' of Comcast policy . . . from September 1, 2011 between Comcast and [CWA], December 1, 2012 – February 28, 2016."

Comcast shall produce these documents to the extent they relate to employees who are similar to Plaintiff's age, race, or national origin and to employees who belonged to a union.

### 4. RFP No. 25

RFP No. 25 seeks all reports and correspondence to federal and state agencies for alleged violations of the OSHA or Cal/OSHA work safety standards from January 1, 2012 to the present.

This discovery is irrelevant and overbroad. Plaintiff does not allege any workplace safety violations. Moreover, as worded, RFP No. 25 encompasses nationwide documents and reports. Plaintiff fails to show how this is proportional to the needs of his case. As such, Comcast need not respond to RFP No. 25.

### 5. RFP No. 31

RFP No. 31 states "[i]n the event Defendant's response to any Plaintiff's [RFAs] served

---

[1] Plaintiff asserts that "[t]he NLRB has agreed that such documents are relevant to the allegations and has produced documents in its possession regarding this subject." RFP Letter at 2. The NLRB's determination regarding relevancy, if any, is not binding upon this Court.

4

upon Comcast is anything less than an unqualified admission, please produce any documents you contend support your response as given." In response, Comcast "refers Plaintiff to the case dockets referenced in Plaintiff's [RFAs]." RFP Letter, Ex. B (Def.'s Resp.) at 17. This is sufficient.

**B.     RFA Letter[2]**

Plaintiff propounded 8 RFAs concerning Comcast's role in two separate actions: *Non v. Comcast Inc.*, Case No. 14-cv-1845-VC (N.D. Cal.); and *Carballo v. Comcast, Inc.*, Case No. 13-cv-5572-MMC (N.D. Cal.). RFA Letter, Ex. A.[3] The RFAs ask Comcast to admit it was a defendant, and confirm the identity of its counsel, in those actions; admit that Comcast produced documents to the *Non* and *Carballo* plaintiffs; and authenticate those documents. *See id.* Comcast objected to and, subject to those objections, denied each RFA. *Id.* Comcast's objections and denials are based on its position that it is not the same entity that was sued in the *Non* and *Carballo* cases. *See id.* at 3. Plaintiff does not challenge the sufficiency of these responses; rather, Plaintiff appears to seek to have Comcast change its denials to admissions, arguing that his RFAs "very clearly refer to Comcast Inc[.], doing business as Communications Management LLC, Comcast Cable Communications LLC, Comcast Holdings Corporation, and Comcast Corporation[.]" *Id.* at 1-2.

The Court cannot compel Comcast to change its responses based on Plaintiff's understanding of the company's corporate structure. *See id.* at 3 ("Comcast Corporation and CCCM are separate entities, and contrary to Plaintiff's assertion, CCCM is not a fictitious business name for Comcast Corporation."). Plaintiff may utilize other discovery tools to understand the corporate relationship between these various entities, and may revisit this issue as appropriate at a later date if he finds support for his position.

---

[2] Plaintiff requests a hearing and/or full briefing on this matter. RFA Letter at 1. The Court denies this request. *See* Fed. R. Civ. P. 78(b); Civ. L.R. 7-1(b).

[3] Exhibit A contains Plaintiff's RFPs and Comcast's responses thereto.

## CONCLUSION

Comcast shall respond to Plaintiff's RFPs as set forth above and need not amend its responses to Plaintiff's RFAs.

**IT IS SO ORDERED.**

Dated: March 21, 2018

_____
MARIA-ELENA JAMES
United States Magistrate Judge